**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **STACY CRUMER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | **CIVIL NO. 07-836-GPM** |
| | ) | |
| **TARGET CORPORATION,** | ) | |
| | ) | |
| **Defendant.** | ) | |

# ORDER

**MURPHY, District Judge:**

On December 7, 2007, after preliminary review of the notice of removal in this case, the Court entered an order noticing sua sponte the untimeliness of the removal under 28 U.S.C. § 1446(b).[1] The Court ordered Plaintiff Stacy Crumer to file on or before December 11, 2007, either a consent to the removal of the case or a motion for remand of the case to state court. *See In re Continental Cas. Co.*, 29 F.3d 292, 294-95 (7th Cir. 1994); *Locklear Elec. v. My Overhead Corp.*, Civil No. 07-788-GPM, 2007 WL 4225732, at \*\*4-5 (S.D. Ill. Nov. 26, 2007); *Bullock v. Humana Health Care Plans, Inc.*, 988 F. Supp. 1123, 1124-25 (N.D. Ill. 1997). The Court also directed Defendant Target Corporation ("Target") to file on or before December 11 any explanation it might have for the untimeliness of the removal of this case. Crumer now has filed a motion for remand of this case to state court on the basis of the procedural defect in removal noticed in the Court's December 7 order (Doc. 9). Target in turn has filed a brief purporting to explain the defect in removal (Doc. 8). Having considered the submissions of the parties carefully,

---

1. The December 7 order outlined the nature of the claims in this case and the procedural history of the case, and the Court believes it is unnecessary to repeat that recitation here.

the Court rules as follows.

As was discussed in the Court's December 7 order, this matter is before the Court on the second removal of this case in federal diversity jurisdiction. *See* 28 U.S.C. § 1332. On the previous removal of this case, the Court directed Target to amend its notice of removal, which alleged with respect to Crumer's citizenship for diversity purpose only that Crumer "resides at 1227 Preis Lane, Apt. 1, Godfrey, Illinois 62035, County of Madison, State of Illinois," to allege that Crumer is a citizen of Illinois. *Crumer v. Target Corp.*, Civil No. 07-621-GPM, 2007 WL 4225735, at *1 (S.D. Ill. Sept. 6, 2007). When Target failed to make this simple amendment to its notice of removal and thereby comply with the Court's order, the Court remanded this case to state court. *See Pruitt v. Kelly Moore Paint Co.*, Civil No. 07-768-GPM, 2007 WL 4225823, at *1 (S.D. Ill. Nov. 28, 2007) (noting that "[i]n general, . . . it is not the court's obligation to lead counsel through a jurisdictional paint-by-numbers scheme," and "when . . . [d]espite receiving express directions about what they [have] to do [to establish federal subject matter jurisdiction], counsel [do] not do it, . . . then . . . [a]t some point the train of opportunities ends."). The principal issue in contention is when Target first became aware with reasonable certainty that Crumer is an Illinois citizen for diversity purposes. The Court concludes that Target had such certainty on the previous removal of this case, so that the second removal is untimely.

In its response to the Court's December 7 order Target insists that the removal of this case is timely, yet ironically the documents submitted by Target in support of its response show beyond peradventure that Target was aware of Crumer's Illinois citizenship at the time this case was removed for the first time on August 29, 2007. For example, an incident report prepared by Target on January 15, 2007, the date of the accident giving rise to this case, clearly

shows Crumer's address as "1227 Preis Lane Apt. 1, Godfrey 62035." Doc. 8, Ex. A. Similarly, a letter to Target from one of Crumer's attorneys dated January 22, 2007, states that he has been retained to represent Crumer in connection with an accident at a Target store on January 15, 2007. *See id.*, Ex. B. Under these circumstances, the Court regards Target's claim that it lacked reasonable certainty of Crumer's Illinois citizenship when it first removed this case as disingenuous. At the time Target first removed this case it had proof showing by a preponderance of the evidence that Crumer is an Illinois citizen for diversity purposes. *See Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 543 (7th Cir. 2006) ("[A] proponent of federal jurisdiction must . . . prove . . . jurisdictional facts by a preponderance of the evidence."). Accordingly, the second removal of this case is untimely under 28 U.S.C. § 1446, requiring removal within thirty days of the date a defendant is served with a pleading or other paper showing the existence of federal subject matter jurisdiction. *See* 28 U.S.C. § 1446(b); *Disher v. Citigroup Global Mkts., Inc.*, 487 F. Supp. 2d 1009, 1015 (S.D. Ill. 2007); *Potter v. Janus Inv. Fund*, 483 F. Supp. 2d 692, 703 (S.D. Ill. 2007).

Target argues also that it could not plead Crumer's Illinois citizenship adequately on the first removal of this case in light of the Court's direction in its order requiring Target to amend its notice of removal that Target should not plead Crumer's citizenship for diversity purposes "on information and belief." *Crumer*, 2007 WL 4225735, at *2 n.1. The Court does not agree. It is axiomatic that "[w]here jurisdiction depends upon the citizenship of the parties, such citizenship, or the facts which in legal intendment constitute it, should be distinctively and positively averred in the complaint." *Baker v. Murphy*, 495 F. Supp. 462, 465 (D.P.R. 1980) (citing *Anderson v. Watt*, 138 U.S. 694, 702 (1891)). "Such distinctiveness and positiveness are lacking when the allegations of

citizenship are couched in evasive language such as 'upon information and belief.' When made in that manner, said allegations do not constitute the affirmative pleading of fact on which the Court must conclude that jurisdiction prevails." *Id*. *See also Carroll v. General Med. Co.*, 53 F.R.D. 349, 350 (D. Neb. 1971) (quoting *Gillespie v. Shoemaker*, 191 F. Supp. 8, 10 (E.D. Ky. 1961)) ("An allegation that the defendants are residents of this district in Kentucky, as the plaintiff is 'informed and believes' or upon plaintiff's information and belief, is not an affirmative allegation of facts on which the court must conclude that jurisdiction prevails.'"). This requirement in no way conflicts with the requirement that a defendant must remove under 28 U.S.C. § 1446(b) when it has "reasonable proof" that the requirements for federal diversity jurisdiction are satisfied. *Fields v. Jay Henges Enters., Inc.*, Civil No. 06-323-GPM, 2006 WL 1875457, at *7 (S.D. Ill. June 30, 2006). "While defendants should never remove cases where they have less than a reasonable certainty that [diversity of citizenship] is satisfied, neither should they be able to toll the removal clock indefinitely through reliance on the discovery process to establish jurisdictional prerequisites with absolute certainty." *Id*.

In this case, the record establishes clearly that Target had reasonable certainty that Crumer is an Illinois citizen for diversity purposes when it removed this case for the first time, rendering the second removal of the case untimely under 28 U.S.C. § 1446(b). Because Crumer has raised a timely objection to the untimeliness of Target's removal of this case, the case must be remanded to state court pursuant to 28 U.S.C. § 1447(c). *See In re Continental Cas. Co.*, 29 F.3d at 294 (citing *Ayers v. Watson*, 113 U.S. 594 (1885)) ("The plaintiff has a right to remand if the defendant did not take the right steps when removing[.]"); *Yount v. Shashek*, 472 F. Supp. 2d 1055, 1063 (S.D. Ill. 2006) (quoting *Macri v. M & M Contractors, Inc.*, 897 F. Supp. 381, 384 (N.D. Ind. 1995))

("The plaintiff has a right to remand if the defendant did not take the right steps when removing . . . and . . . a removed matter must be remanded if there are any defects in the removal procedure."); *Fields*, 2006 WL 1875457, at *2 (quoting *Ortiz v. General Motors Acceptance Corp.*, 583 F. Supp. 526, 529 (N.D. Ill. 1984)) ("[A] defendant seeking removal must strictly comply with all the statutory requirements, and where there is doubt as to whether the requirements have been satisfied, the case should be remanded.").

To conclude, Crumer's motion for remand (Doc. 9) is **GRANTED**, and pursuant to 28 U.S.C. § 1447(c) this case is **REMANDED** to the Circuit Court of the Third Judicial Circuit, Madison County, Illinois, by reason of a procedural defect in the removal of this case.

**IT IS SO ORDERED.**

DATED: 12/14/07

s/ G. Patrick Murphy
G. Patrick Murphy
United States District Judge